UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| C. WAYNE SEELEY III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 3:13-CV-589 RM ) ) |
| CLAY KELLERMAN, | ) ) |
| Defendant. | ) ) |

OPINION AND ORDER

C. Wayne Seeley III, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Seeley is suing Clay Kellerman, a judge in Franklin County Circuit Court. He claims that Judge Kellerman violated his right to a speedy trial, as well as other rights, during a criminal case. He seeks $200,000 "for the suffering mentally and getting found guilty[.]" This claim can't proceed. The judge is entitled to absolute immunity for acts performed within his judicial capacity, including rulings made in Mr. Seeley's case. *See* Dawson v. Newman, 419 F.3d 656, 660-661 (7th Cir. 2005). If the judge's orders were erroneous as Mr. Seeley argues, his remedy would be through state appellate process, not a federal civil rights suit for damages.[1] Id. at 661. To the extent Mr. Seeley is trying to have his conviction invalidated or otherwise obtain release from prison, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

For the reasons set forth above, the court DISMISSES the complaint (DE 1) pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: June  19 , 2013

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[1] Mr. Seeley lists the State of Indiana in the caption but not in the body of the complaint. If he is trying to sue the state for damages, such a claim is barred by the Eleventh Amendment. Kashani v. Purdue University, 813 F.2d. 843, 845 (7th Cir. 1987).